## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| COLT'S MANUFACTURING IP HOLDING COMPANY, LLC AND COLT'S MANUFACTURING COMPANY LLC, | Civil Action No. |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| AJAX GRIPS LLC, | |
| Defendant. | |

## <u>COMPLAINT</u>

Plaintiffs, Colt's Manufacturing IP Holding Company, LLC and Colt's Manufacturing Company LLC, do hereby, through their attorneys, allege as follows:

## <u>THE PARTIES</u>

1.      Plaintiff Colt's Manufacturing IP Holding Company, LLC (hereinafter "CMIP"), is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 545 New Park Ave., West Hartford, CT 06110.

2.      Plaintiff Colt's Manufacturing Company LLC (hereinafter "CMC") is a limited liability company organized and existing under the laws of Delaware with a principal place of business at 545 New Park Ave., West Hartford, CT 06110 (CMC and CMIP hereafter collectively referred to as "Colt" or "Plaintiffs.")

3.      Upon information and belief, Defendant Ajax Grips LLC, (hereinafter "Ajax"), is a limited liability company organized and existing under the laws of Texas, having a principal place of business at 1325 Whitlock Lane, Suite 314, Carrollton, Texas 75006-3177.

## JURISDICTION AND VENUE

4.      This is a civil action for trademark infringement and unfair competition under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, trademark infringement under Connecticut common law, and for unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. §§ 42-110(a) *et seq*).  Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

5.      This Court has personal jurisdiction over Ajax in that it transacts business in this judicial district and/or has committed acts within this judicial district giving rise to this action.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND FACTS

7.      Colt has been manufacturing firearms for over 170 years and is one of the world's leading gun manufacturers, producing firearms for the United States military, law enforcement, commercial, and international markets.

8.      Colt is dedicated to delivering the world's finest, innovative firearms to the military, law enforcement, and civilian customers, through a deep commitment to quality and safety.

9.      CMIP is the owner by assignment of numerous famous trademarks including, but not limited to the following (collectively, the "COLT Marks"):

a.      U.S. Trademark Registration No. 0052904 for  the mark,



filed on August 1, 1905 and registered on May 22, 1906 covering "Pistols" in Class 13;

b.      U.S. Trademark Registration No. 0736237 for COLT, filed on October 27, 1961 and registered on August 21, 1962, covering "Revolvers, Pistols, Shotguns, and Rifles" in Class 13;

c.      U.S. Trademark Registration No. 1599500 for the mark,



filed on July 26, 1989 and registered on June 5, 1990, covering "Pistols, Revolvers, and Rifles" in class 13;

d.      U.S. Trademark Registration No. 3380438 for the mark,



filed on February 19, 2007 and registered on February 12, 2008, covering "Firearms; Pistols; Pistols and parts thereof; Revolvers and parts thereof" in Class 13; and

e.      U.S. Trademark Registration No. 3377544 for the mark



filed on April 27, 2007 and registered on February 5, 2008 covering "Pistols" in Class 13.

10.    CMIP owns both common law and federally registered rights to its well-known COLT Marks used on and in connection with firearms. True and correct copies of the COLT registrations are attached hereto as Exhibit A.

11.     CMC is a licensee of the COLT Marks with the right, amongst other things, to manufacture and sell goods bearing the COLT Marks.

12.     Colt began using one or more of the COLT Marks in commerce at least as early as 1865.

13.     Colt has made a substantial investment in creating, promoting, and protecting the COLT Marks, and, as a result, the COLT Marks have developed a high degree of recognition and substantial goodwill among the industry, the trade, the media, and consumers.

14.     Upon information and belief, Ajax markets and sells, among other things, handgun grips.

15.     Upon information and belief and without authorization or permission from Colt, Ajax makes, uses, sells, and/or offers for sale imitation pearl grips inlaid with steel Colt medallions bearing the COLT Marks, in commerce throughout the United States, including in this judicial district, at least through its online store http://www.ajaxgripsllc.com/index.html, examples of which are below. See also Exhibit B, attached hereto.



16.     Upon information and belief, Ajax is also advertising that the imitation medallions are installed on all Colt grip models, which include Colt's 1911 and single actions

army models.

17.    Ajax is also advertising these products on its Facebook page at

https://www.facebook.com/AjaxGrips/.  See Exhibit C, attached hereto.

18.    On April 24, 2017, Colt sent Ajax a letter demanding that it immediately stop

using the COLT Marks.  A true and accurate copy of the April 24, 2017 letter is attached hereto

as Exhibit D.

19.    Ajax has not complied with Colt's demands.

20.    Ajax's actions as alleged herein have been undertaken willfully and in bad faith.

21.    Ajax has infringed and continues to infringe Colt's COLT Marks by various acts

as alleged herein including, but not limited to, advertising, marketing, offering for sale, and

selling imitation pearl grips inlaid with steel Colt medallions bearing the COLT Marks

throughout the United States, targeting similar consumers as Colt, and in the same channels of

trade as Colt's goods, and will continue to do so unless enjoined therefrom by this Court.

22.    Ajax's conduct as alleged herein has confused and/or is likely to confuse

consumers as to the source, sponsorship, endorsement, and or origination of Ajax's products.

23.    Colt has been irreparably harmed by Ajax's infringement to an extent not yet

determined, and will continue to be irreparably harmed in the future unless Ajax is enjoined from

its activities by this Court.

## COUNT I
### (Federal Trademark Infringement)

24.    Colt repeats and realleges paragraphs 1 - 23, above, as though fully set forth herein.

25.    This is a claim for federal trademark infringement under the Lanham Act, 15

U.S.C. § 1114.

26.     Ajax has infringed each of Colt's federally-registered COLT Marks by using the confusingly similar steel Colt medallions bearing the COLT Marks on its handgun grips, in commerce in association with products and services that are the same as and/or substantially similar to Colt's goods offered under the COLT Marks, by creating a likelihood of confusion and mistake among customers and the public, and by deceiving them.

27.     Ajax's unauthorized use of the COLT Marks in connection with the sale, offering for sale, distribution, and advertising of Ajax's handgun grips are intended to trade upon the goodwill and substantial recognition associated with Colt's COLT Marks used on or in connection with firearms.

28.     Ajax's unauthorized use of CMC's COLT Marks in association with Ajax's products and services is intended to cause confusion, mistake or deception.

29.     Upon information and belief, at the time of committing certain acts alleged herein, Ajax had actual knowledge of Colt's ownership and prior use of its COLT Marks in connection with firearms manufactured and sold by Colt.

30.     By virtue of these acts, Ajax has further created a likelihood of injury to Colt's business, caused a strong likelihood of customer confusion as to the source of Ajax's products and services, and has otherwise competed unfairly with Colt.

31.     By these acts, Ajax has willfully infringed Colt's federally-registered COLT Marks in violation of 15 U.S.C. § 1114.

32.     Ajax's aforesaid acts of infringement have injured and violated the rights of Colt in an amount to be determined at trial.  Ajax's acts complained of herein have caused damage to Colt and have irreparably injured the public recognition and goodwill associated with Colt's COLT Marks.

33.     Further, by these acts, Ajax has irreparably injured Colt and such injury will continue unless enjoined by this Court.

## COUNT II
### (Federal Unfair Competition and False Designation of Origin)

34.     Colt repeats and realleges paragraphs 1 - 33, above, as though fully set forth herein.

35.     This is a claim for unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

36.     In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Ajax has created and will continue to create a false designation of origin by selling and using in commerce, without permission of, or license from Colt, the imitation pearl grips inlaid with steel Colt medallions bearing the COLT Marks, which will confuse and/or likely confuse potential customers into believing that Ajax's products and services are associated with, sponsored by, or approved by Colt.

37.     Upon information and belief, at the time of committing certain acts alleged herein, Ajax had actual knowledge of Colt's ownership and prior use of its COLT Marks for use in connection with Colt firearms.

38.     Ajax's aforesaid unauthorized acts have been willful and have injured and violated the rights of Colt in an amount to be determined at trial.

39.     Further, by its actions, Ajax has irreparably injured Colt, and such irreparable injury will continue unless this Court enjoins Ajax.

## COUNT III
### (Connecticut Common Law Trademark Infringement)

40.     Colt repeats and realleges paragraphs 1 - 39, above, as though fully set forth herein.

41.     This is an action for common law trademark infringement arising under common law of the state of Connecticut.

42.     By virtue of the aforesaid acts, Ajax has attempted to and has created confusion as to the source of its products and services.

43.     Such acts have the natural and probable tendency to deceive the public so as to essentially pass off Ajax's products as those of Colt's products.

44.     As a result of Ajax's aforesaid acts, ordinary buyers making purchases under ordinary conditions have and will be confused and deceived.

45.     As a result of Ajax's aforesaid acts, Colt has suffered and will continue to suffer damages in an amount to determined at trial.

46.     Further, by its actions, Ajax has irreparably injured Colt, and such irreparable injury will continue unless this Court enjoins Ajax.

## COUNT IV
### (Unfair Competition – Connecticut Unfair Trade Practices Act)

47.     Colt repeats and realleges paragraphs 1 - 46, above, as though fully set forth herein.

48.     This is a claim for unfair and deceptive trade practices under the Connecticut Unfair and Deceptive Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110(a), *et seq.*

49.     The actions of Ajax described herein constitute unfair and deceptive acts or practices, which have deceived and will continue to deceive Colt's customers and potential customers and which have injured and will continue to injure the goodwill, reputation, and business of Colt.

50.     The actions of Ajax described herein are in and affecting commerce and are unfair and/or deceptive acts or practices in violation of CUTPA.

51.     As a direct and proximate result of Ajax's unfair and deceptive conduct, Colt has suffered and will continue to suffer damages in an amount to be determined at trial.

52.     Further, by its actions, Ajax has irreparably injured Samkwang, and such irreparable injury will continue unless this Court enjoins Ajax.

## PRAYER FOR RELIEF

WHEREFORE, Colt respectfully asks this Court to enter judgment against Ajax, and against respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with Ajax, as follows:

A.     Declare that Ajax has infringed Colt's federally registered trademarks in violation of the Lanham Act, 15 U.S.C. § 1114 and/or Connecticut common law;

B.     Declare that Ajax's unauthorized sale and use in commerce of the imitation pearl grips inlaid with steel Colt medallions bearing the COLT Marks is confusingly similar to Colt's COLT Marks in violation of the Lanham Act, 15 U.S.C. § 1125(a), as a false designation of origin, false description or representation;

C.     Declare that Ajax's acts and practices as set forth herein constitute unfair competition in violation of the Connecticut Unfair Trade Practices Act, and award Colt damages resulting therefrom, including but not necessarily limited to compensatory damages, lost profits, and/or a disgorgement of Ajax's profits as permitted by law;

D.     Preliminarily and permanently enjoin Ajax from further infringement of Colt's COLT Marks;

E.     Declare that Ajax's acts as complained of herein shall be deemed willful, and/or that this be deemed an exceptional case pursuant to 15 U.S.C. § 1117(a) and/or

CUTPA and further declaring that Colt is entitled to treble damages;

F.     Award Colt statutory damages in connection with Count I for Ajax's intentional and willful violation of 15 U.S.C. § 1114(1)(a) pursuant to 15 U.S.C. § 1117;

G.     Award Colt statutory damages in connection with Count II for Ajax's intentional and willful violation of 15 U.S.C. § 1125(a) pursuant to 15 U.S.C. § 1117;

H.     Award Colt statutory damages in connection with Count IV pursuant to CUTPA;

I.     Award Colt its costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117;

J.     Award any such other relief to which Colt is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Colt demands a trial by jury on all issues so triable.


Date: June 30, 2017                           Respectfully submitted,

                                              /s/ Steven M. Coyle
                                              Steven M. Coyle, Esq. (ct21039)
                                              scoyle@cantorcolburn.com
                                              Tasia E. Hansen, Esq. (ct29498)
                                              thansen@cantorcolburn.com
                                              CANTOR COLBURN LLP
                                              20 Church Street, 22nd Floor
                                              Hartford, CT 06103
                                              Tel. (860) 286-2929
                                              Fax. (860) 286-0115

                                              *Attorneys for Plaintiffs*